UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE WEISNER, | No. 2:23-cv-0662 DAD AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KATHELEEN ALLISON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. On June 23, 2023, respondent filed a motion to dismiss the petition. ECF No. 14. After petitioner twice failed to respond to the motion, the undersigned recommended that this action be dismissed for failure to prosecute. ECF No. 20. Petitioner has now filed a motion for a temporary restraining order or preliminary injunction and a motion for an extension of time to respond to the motion to dismiss. ECF Nos. 21, 22.

Petitioner asserts that he has been held in administrative segregation, without access to his legal papers, since November 15, 2023. ECF No. 21 at 3. He further asserts that he never received a copy of respondent's answer to the petition. ECF No. 22. He requests that he be provided a copy of the answer, an extension of time to respond, and that the court order the California Department of Corrections and Rehabilitation to grant him non-disciplinary status or release him from administrative segregation and provide him with copy services. ECF Nos. 21,

1 | 22.

Petitioner has not received a copy of respondent's answer to the petition because respondent has yet to file an answer.  Instead, respondent filed a motion to dismiss the petition on June 23, 2023 (ECF No. 14), to which petitioner has yet to respond.  It is unclear whether petitioner is also claiming that he has not received a copy of the motion to dismiss.  In light of petitioner's clear intention to continue pursuing this action, the January 3, 2024 findings and recommendations recommending dismissal of this action will be withdrawn.  Respondent will be directed to re-serve petitioner with a copy of the motion to dismiss and petitioner will be provided one final opportunity to respond to it.  Petitioner is cautioned that failure to respond to the motion to dismiss will result in a recommendation that this action be dismissed for failure to prosecute.

With respect to petitioner's motion for injunctive relief related to his classification status, a party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Petitioner has failed to show that he will suffer from irreparable harm in the absence of injunctive relief because there is no evidence that an extension of time to respond to the motion to dismiss will be insufficient to protect his interests in this case.  Furthermore, in order to prevail on a motion for preliminary injunctive relief, the Ninth Circuit has also held

> that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.  This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself.  The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." De Beers Consol. Mines[ v. United States], 325 U.S. [212,] 220, 65 S. Ct. 1130

2

[(1945)]. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). To the extent petitioner is seeking injunctive relief relative to his classification status, the relief he seeks is not sufficiently related to the claim in the petition for the court to grant relief. For these reasons, the motion for temporary restraining order or preliminary injunction should be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 3, 2024 findings and recommendations (ECF No. 20) are WITHDRAWN;

2. Petitioner's request for an extension of time and for a copy of respondent's response to the petition (ECF No. 22) is GRANTED;

3. Within seven days of the filing of this order, respondent shall re-serve the motion to dismiss on petitioner; and

4. Petitioner shall have thirty days from the service of the motion to file a response.

IT IS FURTHER RECOMMENDED that petitioner's motion for a temporary restraining order or preliminary injunction (ECF No. 21) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 19, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE