UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE WEISNER,<br><br>           Petitioner,<br><br>   v.<br><br>KATHLEEN ALLISON,<br><br>           Respondent. | No. 2:23-cv-0662 DAD AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.    Procedural History

This action proceeds on petitioner's first amended petition. ECF No. 4. On June 23, 2023, respondent filed a motion to dismiss the petition on the ground that petitioner's state conviction is not yet final. ECF No. 14. After petitioner twice failed to respond to the motion, the undersigned recommended that this action be dismissed for failure to prosecute. ECF No. 20. Petitioner then filed a motion for an extension of time to respond to the motion to dismiss (ECF No. 22) and the findings and recommendations were withdrawn (ECF No. 23). Because it was unclear if petitioner had received a copy of the motion to dismiss, respondent was ordered to re-serve the motion and petitioner was given thirty days to respond. Id. Respondent re-served the motion on January 23, 2024. ECF No. 24. After petitioner once again failed to respond to the

motion to dismiss, he was ordered to file an opposition or statement of non-opposition within twenty-one days.  ECF No. 25.  In the same order, petitioner was informed that failure to file an opposition would result in a recommendation that this action be dismissed without further warning.  After petitioner once again failed to respond to the motion to dismiss, findings and recommendations were issued recommending dismissal of this action for failure to prosecute. ECF No. 27.  Petitioner has filed objections to the findings and recommendations in which he argues that his conviction is final.  ECF No. 28.

## II. April 18, 2024 Findings and Recommendations

Although petitioner has repeatedly failed to comply with court orders to respond to the motion to dismiss, his objections to the April 18, 2024 findings and recommendations also address the substance of the motion to dismiss.  The previously-issued findings and recommendations will therefore be withdrawn, and the court will consider the motion to dismiss on the merits.  Petitioner is cautioned that continued failure to comply with court orders and deadlines may result in sanctions, which could range up to dismissal of this action depending upon the degree of noncompliance.

## III. Motion to Dismiss

### A. Background

Petitioner pled no contest to second degree robbery and grand theft from a person and admitted to personally using a firearm in the robbery.  ECF No. 4 at 1; ECF No. 15-1 at 1.  On November 17, 2017, he was sentenced to a prison term of nine years and eight months.  ECF No. at 1; ECF No. 15-1 at 1.

### B. State Post-Conviction Proceedings

#### i. Direct Appeal

On July 7, 2021, the state court of appeal received petitioner's request for leave to file a notice of appeal more than sixty days after sentencing.[1]  The request was denied on July 16, 2021.

---

[1] See Docket in Third District Court of Appeal Case No. C094382, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=2353020&doc_no=C094382&request_token=NiIwLSEnXkw4WyBVSCJNWExIMDw6UTxbKiNeSzJTUCAgCg%3D%3D [https://perma.cc/THU3-394Z].

ECF No. 4 at 2-3, 59.

        ii.        <u>Collateral Appeal</u>

On May 27, 2021,[2] petitioner filed a petition for resentencing under Penal Code § 1170.18(a) in the San Joaquin County Superior Court. ECF No. 15-7. The petition was denied. ECF No. 15-8. Petitioner appealed, and the appeal was denied on April 27, 2022. ECF No. 15-2. Petitioner then sought review by the California Supreme Court (ECF No. 15-3), which transferred the matter to the court of appeal "with directions to vacate its decision and reconsider whether to exercise its discretion to conduct an independent review of the record or provide any other relief in light of <u>People v. Delgadillo</u> (2022) 14 Cal. 5th 216, 232-233 & fn.6." <u>People v. Weisner</u>, 308 Cal. Rptr. 3d 641 (Cal. 2023). The court of appeal affirmed the denial of petitioner's resentencing on August 15, 2023. <u>People v. Weisner</u>, No. C095039, 2023 WL 5215356, 2023 Cal. App. Unpub. LEXIS 4759 (Cal. Ct. App. Aug. 15, 2023).

On June 10, 2021, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court. ECF No. 15-5. The petition was denied on August 10, 2021. ECF No. 15-6. He then filed a petition for writ of habeas corpus to the California Court of Appeal, Third Appellate District (ECF No. 15-11), which was denied on October 22, 2021 (ECF No. 15-12). On December 13, 2021, petitioner filed a petition for writ of habeas corpus in the California Supreme Court (ECF No. 15-15) and it was denied on February 9, 2022 (ECF No. 15-16).

On September 2, 2021, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. ECF No. 15-9. On January 19, 2022, the California Supreme Court issued an order to show cause—returnable to the San Joaquin County Superior Court—"why relief should not be granted on the ground that petitioner is entitled to resentencing under Senate Bill No. 620." ECF No. 15-10. The San Joaquin County Superior Court filed the petition on January 21, 2022. ECF No. 15-17. On May 18, 2022, the petition was granted to the extent that petitioner was allowed to make an informed decision whether to pursue relief under SB 620. ECF

---

[2] For proceedings where petitioner was proceeding pro se, he is afforded the benefit of the prison mailbox rule. See <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

No. 15-18. If petitioner chose to pursue relief under SB 620, the court and the state were permitted to withdraw their consent to the original plea agreement, which would result in all charges and enhancements being reinstated. Id. at 4. At the December 5, 2022 resentencing hearing, the court "decline[d] to exercise discretion to strike enhancement or impose lower term." ECF No. 15-19.

On October 4, 2021, petitioner filed another petition for writ of habeas corpus in the San Joaquin County Superior Court. ECF No. 15-13. The petition was dismissed on December 20, 2021. ECF No. 15-14.

### C. Federal Proceedings

The original petition in this action was received by the court on April 10, 2023.[3] ECF No. 1. Petitioner then filed the amended petition, on which this case proceeds, on April 11, 2023. ECF No. 4. Respondent has moved to dismiss the petition. ECF No. 14.

### D. Younger Abstention

Under Younger v. Harris, federal courts may not interfere with a pending state criminal prosecution or related proceeding absent "extraordinary circumstances, where the danger of irreparable loss is both great and immediate." 401 U.S. at 45. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008) (citations and footnote omitted).

Abstention is appropriate if four requirements are met: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alteration in original) (quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)). All four elements must be satisfied to warrant abstention. See AmerisourceBergen

---

[3] The original petition and accompanying certificate of service were signed but not dated. ECF No. 1 at 15-16.

Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007).

E. Discussion

Respondent moves to dismiss the petition under Younger v. Harris, 401 U.S. 37 (1971), arguing that petitioner's conviction was not final when the federal petition was filed because remand proceedings were pending. Petitioner argues that his conviction was final at the time he filed the petition and the only pending proceeding was a Franklin hearing.[4] ECF No. 28 at 2.

Per Rule 8.308(a) of the California Rules of Court, a conviction must be appealed within sixty days after the entry of judgment. Since judgement was entered on November 17, 2017 (ECF No. 15-1), the end of the sixty-day period for plaintiff to file a direct appeal was January 16, 2018. Petitioner did not file a notice of appeal within that time and his request for leave to file a notice of appeal more than sixty days after sentencing was denied. Therefore, contrary to respondent's assertion, petitioner's conviction became final on January 16, 2018, prior to the initiation of this action.

To the extent petitioner had state court proceedings pending at the time he filed the petition in this action, Younger abstention is not appropriate. The evidence reflects that plaintiff's only pending state court proceeding at the time he filed his federal petition was related to a petition for resentencing under Penal Code § 1170.18(a). Penal Code § 1170.18 permits those previously convicted of felony offenses that were later reduced to misdemeanors to petition to have such felony convictions resentenced or redesignated as misdemeanors. In denying petitioner's appeal, the state court of appeals explicitly held that § 1170.18 does not provide an avenue for raising other challenges to the underlying conviction. See Wiesner, 2023 WL 5215356, at *2, 2023 Cal. App. Unpub. LEXIS 4759, at *4 (petitioner's attempt to raise the same claims presented in this action was "an unauthorized collateral attack on the underlying judgment" and the court found "nothing in section 1170.18 that authorizes such a collateral attack"). Accordingly, the third part of the test for abstention is not met because the state

---

[4] It appears that plaintiff is referring to a hearing pursuant to People v. Franklin, 63 Cal. 4th 261 (2016), under which a prisoner may make a record of information relevant to his eventual youth offender parole hearing.

proceedings cannot and will not provide an opportunity for petitioner to raise his constitutional challenges. See Arevalo, 882 F.3d at 765. The motion to dismiss should therefore be denied. See Duke v. Gastelo, 64 F.4th 1088, 1094 (9th Cir. 2023) (where conviction was final, subsequent proceedings under Penal Code § 1172.6 did not meet requirements for Younger abstention because "§ 1172.6 resentencing proceeding will not address [petitioner's] constitutional challenges").

IV.     Order to Show Cause

Rule 4 of the Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1).

In this case the applicable date appears to be that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." See Day v. McDonough, 547 U.S. 198, 209

(2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. at 210.

In this case, petitioner's conviction became final on January 16, 2018, and, absent tolling or an alternative trigger date, the statute of limitations expired one year later, on January 16, 2019. The original petition in this case was not filed until April 10, 2023. The petition is therefore untimely absent tolling or an alternate trigger date that is not apparent from the petition or other state court records.

The claims in the petition all challenge petitioner's underlying conviction, not his resentencing proceedings, and there is no basis to find that the statute of limitations was restarted by the denial of petitioner's resentencing petitions. Accordingly, the statute of limitations appears to run from the date petitioner's conviction became final. See Davis v. Sullivan, No. 17-73465, 2018 U.S. App. LEXIS 19388, at *1 ("Applicant's reliance on Clayton v. Biter, 868 F.3d 840 (9th Cir. July 13, 2018), is misplaced, as he is not challenging an order resolving a resentencing petition but instead is seeking to challenge his original judgment of conviction."); Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012) ("AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis"). If petitioner believes the statute of limitations began to run on a different date, he should identify that date and explain why he believes the one-year period runs from that date.

With regard to statutory tolling, the limitations period may be tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "However, the statute of limitations is not tolled 'from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed.'" Roy v. Lampert, 465 F. 3d 964, 968 (9th Cir. 2006) (alteration in original) (quoting Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)). Although it is clear from the record that petitioner pursued collateral appeals in the state court, none of them were filed prior to the expiration of the statute of limitations. A state habeas petition must have been filed prior to the expiration of the one-year statute of limitations to have a tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). It therefore does not appear that

petitioner is entitled to any statutory tolling based upon the information provided in the petition or the record currently before the court.  If petitioner believes that he is entitled to statutory tolling for state habeas petitions, he should submit additional information regarding those petitions.

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014).  An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted).  If petitioner believes that he is entitled to equitable tolling, he should provide information showing that he is so entitled.  This includes information regarding any extraordinary circumstances that he believes entitle him to tolling, the dates that those circumstances existed, and what steps he took to pursue the petition during that time.

A showing of actual innocence can also satisfy the requirements for equitable tolling. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),][5] gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at

---

[5] In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.

386. To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Petitioner cannot pursue a claim for actual innocence without new evidence to offer for consideration.

For the reasons set forth above, the petition appears to be untimely and petitioner shall be required to show cause why the petition should not be dismissed as untimely.

V.      Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that respondent's motion to dismiss be denied. However, you will have thirty days to explain to the court why your petition was not filed too late to be considered. If you believe the statute of limitations started running on a date other than January 16, 2019 (one year after your conviction became final), you must state what date you believe it began and why you believe that is the correct date. If you believe that you are entitled to statutory tolling while you were pursuing a state habeas petition, you will need to provide information regarding when you filed that petition and when you received any orders granting or denying the petition. If you are trying to show the court that you are entitled to equitable tolling, you will need to show that you were diligent in pursuing your claims and that you were faced with extraordinary circumstances that made it impossible for you to file your petition within the one-year time period. If you are trying to claim tolling based on your actual innocence, you must provide new evidence in support of that claim. If you cannot show the court that the petition is timely, it will be recommended that the case be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1.  The April 18, 2024 findings and recommendations (ECF No. 27) are WITHDRAWN.

2.  Within thirty days of service of this order, petitioner must show cause why the petition should not be dismissed as untimely. Failure to comply with this order will result in a recommendation that the petition be dismissed. Respondent may file a reply fourteen days after petitioner's response is filed.

IT IS FURTHER RECOMMENDED that respondent's motion to dismiss (ECF No. 14) be DENIED.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 16, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE