UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE WEISNER,<br><br>    Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON,<br><br>    Respondent. | No.  2:23-cv-0662 DAD AC P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

By order and findings and recommendations filed August 19, 2024, the undersigned recommended denying respondent's motion to dismiss and ordered petitioner to show cause why the petition should not be dismissed as untimely. ECF No. 29. The findings and recommendations were adopted on September 16, 2024 (ECF No. 30), and the same day the court received petitioner's document styled as a notice of objection and motion pursuant to Federal Rule of Civil Procedure 72(b)(2) (ECF No. 31). The objections appear to be petitioner's response to the order to show cause.

The court previously found that petitioner's judgment became final on January 16, 2018; absent tolling or an alternate trigger date, the statute of limitations in this case expired on January 16, 2019; and this action was not initiated until April 10, 2023. ECF No. 29 at 7. Accordingly,

petitioner was directed to show cause why the petition should not be dismissed as untimely. Id. at 9. In directing petitioner to show cause, the court advised him that he should provide additional information if he believed that he was entitled to (1) a different trigger date, (2) statutory tolling, or (3) equitable tolling. In response, petitioner asserts that his judgment is not final because he is serving an unauthorized or illegal sentence. ECF No. 31 at 3. He further argues that he is entitled to equitable tolling because (1) trial counsel denied him the opportunity to file a timely appeal when she failed to notify him that she was no longer counsel of record until after judgment became final, (2) the court and counsel denied him access to the record, and (3) he was not aware of the filing deadline. ECF No. 31 at 4-5.

Petitioner's assertion that he is serving an unauthorized or illegal sentence does not establish that his state court judgment was not final on January 16, 2018. He has also failed to allege facts demonstrating he is entitled to equitable tolling sufficient to make this action timely.

With respect to counsel's alleged failure to notify petitioner that she was no longer his counsel of record, he states that she sent him a letter on January 19, 2018, after judgment was final. Id. at 3. This brief delay in petitioner learning that trial counsel was no longer representing him does not come close to supporting the more than four years of tolling petitioner would need to make the petition timely.

To the extent petitioner argues that he is entitled to equitable tolling because both counsel and the court refused to provide him access to the record, he fails to identify what records he was denied, why he could not proceed without the records, when he first started attempting to obtain the records, when he finally obtained a copy, and what efforts he made to obtain a copy of the records or otherwise pursue the petition during that time. Petitioner was expressly informed that he would be entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)), and that in order to demonstrate he was entitled to equitable tolling he needed to provide "information regarding any extraordinary circumstances that he believes entitle him to tolling, the dates that those circumstances existed, and what steps he took to pursue the

2

petition during that time." ECF No. 29 at 8.  Since petitioner has not provided this information, even if the court assumes the lack of records could constitute an extraordinary circumstance, he has failed to establish he was diligent in pursuing his rights, that he lacked access to his records at a time when the statute of limitations could be tolled, and that he lacked access to his records for a long enough time to provide sufficient tolling.  Petitioner has therefore failed to demonstrate an entitlement to equitable tolling based on the lack of access to his records.

Finally, petitioner's ignorance of the deadline to either appeal his conviction or file a federal habeas petition does not entitle him to equitable tolling.  The Ninth Circuit has clearly held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

For these reasons, the court finds that petitioner has failed to establish that he is entitled to a later trigger date or statutory or equitable tolling and the petition is untimely for the reasons set forth in the August 19, 2024 order to show cause (ECF No. 29 at 6-9), which is incorporated herein by reference.

## CONCLUSION

Accordingly, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed as untimely for the reasons set forth above and in the August 19, 2024, order (ECF No. 29 at 6-9).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability

should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: October 3, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE