UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE WEISNER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　　Respondent. | No. 2:23-cv-00662-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE PENDING HABEAS PETITION AS UNTIMELY<br><br>(Doc. Nos. 31, 32) |

　　　　Petitioner Frankie Weisner is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On August 19, 2024, the assigned magistrate judge directed petitioner to show cause why the petition should not be dismissed as untimely. (Doc. No. 29.) The magistrate judge observed that petitioner's judgment of conviction became final on January 16, 2018, but the original petition in this case was not filed until April 10, 2023. (*Id*. at 7.) On September 16, 2024, petitioner filed a response, which has been styled on the docket as a motion for relief, arguing that his "judgment was not final and still is not currently" and that "equitable tolling is required."

/////

/////

/////

1

1  (Doc. No. 31 at 3–4.)[1]  On October 4, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's application for a writ of habeas corpus be dismissed as untimely.  (Doc. No. 32.)  Specifically, the magistrate judge concluded that petitioner had failed to allege facts demonstrating that he is entitled to equitable tolling of the applicable statute of limitations for the more than four years required to make this action timely.  (*Id*. at 2–3.)

Those findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service.  (*Id*. at 3.)  On October 25, 2024, petitioner filed his timely objections.  (Doc. No. 33.)

In his objections, petitioner states that equitable tolling of the statute of limitations is warranted because he "wrote to the Court and public defender's office in January 2018 or Feb. 2018" and the "court never responded" and "the public defender's office replied stating they were no longer counsel due to a conflict."  (Doc. No. 33 at 4.)  Petitioner also states that "[e]quitable tolling is required, as the sentencing transcripts were withheld until around Feb. 2022."  (Doc. No. 33 at 6.)  However, neither of these circumstances would render petitioner's original federal habeas petition in this case, filed on April 10, 2023, timely.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Having determined that the pending petition is untimely and subject to dismissal on that basis, the court now turns to whether a certificate of appealability should issue.  "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

---

[1] In his filing, petitioner also suggests that the court has "missed [its] chance to fix the problems California made" because he "completed the illegal unconstitutional conviction [he] was forced to serve" so the court may "go ahead and dismiss this petition."  (Doc. No. 31 at 6.)  However, a review of the docket indicates that petitioner is currently incarcerated at the California Department of Corrections and Rehabilitation ("CDCR") Substance Abuse Treatment Facility and State Prison located in Corcoran, California.  The CDCR Inmate Lookup website also indicates that petitioner is located at this facility and is not eligible for parole until December 2026.

denial of his petition," and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). Where, as here, "the court denies habeas relief on procedural grounds without reaching the prisoner's underlying constitutional claims," the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present . . . a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Because the petitioner's pending application is clearly time-barred, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on October 4, 2024 (Doc. No. 32) are ADOPTED in full;
2. Petitioner's response to the findings and objections, styled on the court's docket as a motion for relief (Doc. No. 31), is hereby DENIED;
3. The pending petition for writ of habeas corpus (Doc. No. 4) is DISMISSED as untimely;
4. The court DECLINES to issue a certificate of appealability; and
5. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 8, 2025**

                     DALE A. DROZD
                     UNITED STATES DISTRICT JUDGE

3